K&L GATES LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552 5000
Facsimile: (310) 552 5001
Seth A. Gold (SBN 163220)
seth.gold@klgates.com
Rebecca Liu (SBN 300870)
rebecca.liu@klgates.com

JS-6

K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623 7580
Facsimile: (206) 623 7022
Pallavi Mehta Wahi
pallavi.wahi@klgates.com
(admitted *pro hac vice*)
Aaron Millstein
aaron.millstein@klgates.com
(admitted *pro hac vice*)

*Attorneys for Plaintiff*
*Starbucks Corporation d/b/a/ Starbucks*
*Coffee Company*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY, a Washington corporation,<br><br>               Plaintiffs,<br><br>vs.<br><br>HITMAN GLASS, a California corporation; JAMES LANDGRAF, an individual residing in Oregon and doing business under the Oregon assumed business name EVOL GLASS; and DOES 1 through 10, inclusive,<br><br>               Defendants. | Case No. 2:16-CV-03937-ODW-PJW<br><br>**[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT HITMAN GLASS**<br><br>Judge:      Hon. Otis D. Wright II |

CONSENT JUDGMENT AND
PERMANENT INJUNCTION

This action came before the Court, the Honorable Otis D. Wright, II, United States District Judge presiding, on the Stipulation for Consent Judgment and Entry of Permanent Injunction (the "Stipulation") filed by Plaintiff Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks Corp.") and Defendant Hitman Glass. Having reviewed the Stipulation and good cause appearing, the Court hereby finds as follows:

1.      Starbucks Corp. is the owner of all rights, title, and interest in numerous trademarks for the Siren Logo and the 40th Anniversary Siren Logo, which trademarks it has used and uses in connection with the distribution, sale, advertising, and promotion of various goods and services, including but not limited to coffee products, restaurant and café services, coffee cups, tea cups, mugs, glassware, dishes, plates and bowls, toys and books, and, T-shirts, caps, sweatshirts, jackets, aprons, and other clothing items (collectively, the "Starbucks Goods and Services"), and which trademarks are  registered in the United States as set forth below:

| Trademark | Reg. No. | Reg. Date | Trademark |
|-----------|----------|-----------|-----------|
| Siren Logo Black & White | 1,542,775 | June 6, 1989 |  |
| Siren Logo Black & White | 1,815,938 | January 11, 1994 | |
| Siren Logo Black & White | 2,028,943 | January, 7 1997 | |
| Siren Logo Black & White | 2,176,976 | July 28, 1998 | |
| Siren Logo Black & White | 3,298,945 | September 25, 2007 | |
| Siren Logo Black & White | 3,673,335 | August 25, 2009 | |
| Siren Logo Black & White | 1,943,361 | December 12, 1995 | |
| Siren Logo Black & White | 2,120,653 | December 9, 1997 | |
| Siren Logo Black & White | 3,428,127 | May 13, 2008 | |

CONSENT JUDGMENT AND
PERMANENT INJUNCTION

| | | | |
|---|---|---|---|
| Siren Logo Green, Black, & White | 1,815,937 | January 11, 1994 | |
| Siren Logo Green, Black, & White | 2,266,351 | August, 3, 1999 | |
| Siren Logo Green, Black, & White | 2,266,352 | August, 3 1999 | |
| Siren Logo Green, Black, & White | 2,325,182 | March 7, 2000 | |
| Siren Logo Green, Black, & White | 1,893,602 | May 9, 1995 | |
| Siren Logo Green, Black, & White | 3,428,128 | May 13, 2008 | |
| 40th Anniversary Siren Logo Black & White | 4,415,862 | October 8, 2013 | |
| 40th Anniversary Siren Logo Black & White | 4,538,053 | May 27, 2014 | |
| 40th Anniversary Siren Logo Black & White | 4,639,908 | November 18, 2014 | |
| 40th Anniversary Siren Logo Green & White | 4,538,585 | May 27, 2014 | |
| 40th Anniversary Siren Logo Green & White | 4,572,688 | July 22, 2014 | |
| 40th Anniversary Siren Logo Green & White | 4,635,864 | November 11, 2014 | |

2

Collectively, the above trademarks, including all federal registrations and common law rights for the Siren Logo and the 40th Anniversary Siren Logo, are referred to herein as the "Starbucks Marks."

2.      Starbucks Corp. has used the Starbucks Marks comprising the Siren Logo at least with respect to restaurant services serving coffee, among other things, in commerce continuously since as early as 1988 and has used the Starbucks Marks comprising the Siren Logo in connection with, among other things, the promotion and offering for sale of all the Starbucks Goods and Services in commerce continuously since at least as early as 2008; Starbucks Corp. has used the Starbucks Marks comprising the 40th Anniversary Siren Logo in connection with among other things the promotion and offering for sale of the Starbucks Goods and Services in commerce continuously since at least as early as 2012.

3.      As a result of the widespread, exclusive, and continuous use of the Starbucks Marks to identify the Starbucks Goods and Services and to identify Starbucks Corp. as their source, Starbucks Corp. owns valid and subsisting federal statutory and common law rights to the Starbucks Marks.

4.      The Starbucks Marks are distinctive to the consuming public.

5.      As a result of Starbucks Corp.'s investment, the Starbucks Marks have come to symbolize the high quality of the Starbucks Goods and Services with which the Starbucks Marks are used, and the Starbucks Marks have acquired and represent invaluable distinction, goodwill, and reputation that are exclusive to Starbucks Corp.

6.      As a result of their inherent and commercial distinctiveness, as well  as their widespread use and promotion throughout the United States, the Starbucks Marks are famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

7.      Starbucks owns United States copyright registrations for the Siren Logo and the 40th Anniversary Siren Logo, including United States copyright Registration

No. VA 875-932 and Registration No. VA 1-768-520 (the "Starbucks Copyrights"), as set forth below:

| Copyright | Reg. No. | Reg. Date | Copyright |
|---|---|---|---|
| Starbucks Coffee Siren Logo | VA 875-932 | March 9, 1998 | |
| Starbucks 40th Anniversary Siren Logo | VA 1-768-520 | April 26, 2011 | |

8. Starbucks Corp. filed this action on June 3, 2016 against defendants Hitman Glass, a California corporation, and James Landgraf, an individual residing in Oregon and doing business under the Oregon assumed business name Evol Glass, seeking injunctive relief and damages based on the following alleged claims: (1) Federal Trademark Dilution pursuant to the Lanham Act (15 U.S.C. § 1125(c)); (2) California Trademark Dilution pursuant to California Business and Professions Code § 14247; (3) Federal Copyright Infringement pursuant to the Copyright Act (17 U.S.C. § 501 *et seq.*); (4) Federal Trademark Infringement pursuant to the Lanham Act (15 U.S.C. § 1114); and, (5) False Designation of Origin pursuant to the Lanham Act (15 U.S.C. § 1125(a)). The gravamen of Starbucks Corp.'s complaint is that Hitman Glass and Evol Glass sold a line of products (the "Accused Products") that diluted and/or

infringed the Starbucks Marks and infringed the Starbucks Copyrights. The Accused Products include the following:







9.      Starbucks Corp. served the Summons and Complaint on Hitman Glass on July 21, 2016.

10.     With respect to the claims for Federal Trademark Dilution, Copyright Infringement, Trademark Infringement, and False Designation of Origin, this Court has original and/or exclusive jurisdiction over the subject matter of this action and Hitman Glass pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b); with respect to the claim for California Trademark Dilution pursuant to California Business and Professions Code, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a); venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

11.     Hitman Glass filed an answer to the Complaint on September 9, 2016.

CONSENT JUDGMENT AND
PERMANENT INJUNCTION

12.     Hitman Glass admits that Starbucks Corp. is the owner of all rights, title, and interest in the Starbucks Marks and in the Starbucks Copyrights.

13.     Hitman Glass does not contest that the Starbucks Marks and the Starbucks Copyrights are valid and enforceable and that the Starbucks Marks are famous.

14.     Starting after Starbucks Corp. acquired protectable exclusive rights in the Starbucks Marks and after the Starbucks Marks became famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), without Starbucks Corp.'s permission, Hitman Glass began using on the Accused Products a mark confusingly and substantially similar to the Starbucks Marks and to the material protected by the Starbucks Copyrights.  Hitman Glass has represented that it sold a total of one-thousand five-hundred twelve (1,512) units of the Accused Products (the "Subject Accused Products").

15.     Hitman Glass' acts have caused and are likely to continue causing dilution by blurring and to dilute the distinctive quality of the Starbucks Marks, constitute infringement of Starbucks Copyrights, and constitute infringement of certain of Starbucks Marks.  Consumers have associated the Accused Products with the Starbucks Marks.  This dilution by blurring has irreparably harmed Starbucks Corp. because no monetary damages can adequately compensate for the dilution of the distinctive quality of the Starbucks Marks.

16.     Hitman Glass has agreed to entry of this Consent Judgment and Permanent Injunction.

17.     Hitman Glass is unaware of any other interested parties in this litigation besides Evol Glass, and Hitman Glass is not representing the interests of any entity other than those of Hitman Glass.  Hitman Glass is signing this Consent Judgment and Permanent Injunction on its own volition.

NOW THEREFORE, upon consent of the parties hereto, it is HEREBY ORDERED, ADJUDGED, and DECREED that:

1. Hitman Glass, together with all of its officers, directors, employees, agents, representatives, owners, attorneys, successor companies, related companies, and all persons acting in concert or participation with it, and each of them, are permanently enjoined and restrained from directly or indirectly:

a. making, using, selling, advertising, promoting, or authorizing any third party to make, use, sell, advertise, or promote, any product or service bearing or utilizing in any way any of the Starbucks Marks, or any other mark that is a copy, simulation, confusingly similar variation, or colorable imitation of the Starbucks Marks;

b. engaging in any activity that is likely to dilute or impair the distinctiveness of any of the Starbucks Marks;

c. engaging in any activity that infringes Starbucks Corp.'s rights in any of the Starbucks Marks;

d. using any word, term, name, symbol, device, trademark, logo, or design that tends to falsely represent, or is likely to confuse, mislead, cause mistake, or deceive, consumers, purchasers, Hitman Glass' customers, prospective customers, or any member of the public that Hitman Glass' promotions, advertisements, products, or services originate from or have been sponsored by, approved by, are affiliated with, are connected to, or licensed by, or are otherwise associated with Starbucks Corp.;

e. making, using, selling, advertising, promoting, or authorizing any third party to make, use, sell, advertise, or promote any of the Accused Products;

f. reproducing, making derivative works of, distributing, or displaying the materials protected by the Starbucks Copyrights or any substantially similar materials including those materials included among the Accused Products;

2. This Consent Judgment constitutes a final judgment concerning this action with respect to only defendant Hitman Glass.

3. This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective successors, assigns, and acquiring companies.

4. If Hitman Glass is found by the Court to be in contempt of, or to have violated this Consent Judgment and Permanent Injunction, the parties agree that Starbucks Corp. shall be entitled to all relief available which it may request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any and all other relief that is proper if there is such violation.

5. The parties waive any right to appeal from the filing or entry of this Consent Judgment and Permanent Injunction based on the Stipulation; the parties also waive any right to attack the validity of this Consent Judgment and Permanent Injunction based on the Stipulation; the parties waive any and all findings of fact and conclusions of law arising out of the entry of this Consent Judgment and Permanent Injunction other than those set forth above; each of the parties shall bear its own attorneys' fees and costs other than as contemplated by the parties' settlement agreement.

6. The Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Consent Judgment and Permanent Injunction. Except as otherwise provided herein, this action is fully resolved with prejudice.

7. This Consent Judgment and Permanent Injunction shall remain in full force and effect unless and until modified by order of this Court.

IT IS SO ORDERED.

Dated: __April 24__, 2017

_____
Hon. Otis D. Wright II
United States District Judge

**CONSENT JUDGMENT AND
PERMANENT INJUNCTION**

CONSENTED TO:

K&L GATES LLP

Dated: ~~March~~ April 19 __, 2017          By: _____

Seth A. Gold
Rebecca Liu
Pallavi M. Wahi (admitted *pro hac vice*)
Aaron E. Millstein (admitted *pro hac vice*)

*Attorneys for Plaintiff Starbucks Corp.*

MARGOLIN & LAWRENCE

Dated: ~~March~~ April 3, 2017          By: _____

J. Raza Lawrence
Allison Margolin

*Attorneys for Defendant Hitman Glass*

**CONSENT JUDGMENT AND
PERMANENT INJUNCTION**